U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYDNEY TYSON, M.D.,<br><br>                              Plaintiff(s),<br><br>v.<br><br>JOHN/JANE DOE 1 aka "PAUL REED", COINBASE GLOBAL, INC., and JOHN/JANE DOES 2-10,<br><br>                              Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT AND JURY DEMAND** |

G. Martin Meyers, Esq. (#271881971)
gmm@gmeyerslaw.com
Justin A. Meyers, Esq. (#041522006)
justin@gmeyerslaw.com
**LAW OFFICES OF G. MARTIN MEYERS, P.C.**
35 West Main Street, Suite #106
Denville, New Jersey 07834
Tel.  (973) 625-0838
Fax. (973) 525-5350
*Attorneys for Plaintiff Sidney Tyson*

Dated:  Nov. 7, 2023

Plaintiff Sydney Tyson, whose address is 8 Windy Acres Drive, Sewell, New Jersey, by and through his attorneys, alleges that:

## INTRODUCTION

1. Plaintiff is an individual residing in Gloucester County, New Jersey who actively purchases and sells cryptocurrencies through an account with defendant Coinbase.

2. Defendant John Doe 1, who operates under the fictitious name of "Paul Reed" from Ridgefield, Washington, is an unknown party who has engaged in cybercrime and fraud.

3. Defendant Coinbase Global, Inc. is a publicly traded Delaware corporation that claims to offer a "trusted and easy-to-use platform for accessing the broader cryptoeconomy". Coinbase offers individuals and businesses throughout the United States and abroad an online marketplace where they can buy and sell cryptocurrencies and other digital assets using a personalized account accessible via internet connection. Coinbase is a decentralized company with offices in New York City, San Francisco, and elsewhere.

## VENUE AND JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Computer Fraud and Abuse Act (18 U.S.C. § 1030 *et seq.*) and the RICO Act (18 U.S.C. § 1962(c), predicate act of wire fraud, 18 U.S.C. § 1343).

5. Venue is appropriate in this District because the plaintiff resides in this District and the cause of action arose in this District. Plaintiff accessed his Coinbase account using an internet connection from his home in Gloucester County.

## FACTS

6. Plaintiff has maintained an account with Coinbase for nearly ten years, spending approximately $75,000 to accumulate Bitcoin and other cryptocurrencies that had increased in

value to well over $200,000 by July 2023.

7.  When Plaintiff opened the account, he was asked to verify his identity by providing his driver's license, which he did, and he then created a unique username and password to secure the account.

8.  Nonetheless, the efforts described supra did not stop the account from being hacked. On or about July 18, 2023, shortly after midnight, Plaintiff received two emails from Coinbase stating that "you successfully completed ID verification."

9.  The next day, in the early morning hours of July 19, at approximately 1:16 am, Plaintiff received an email indicating that he had sent ".0320 BTC via Bitcoin network To: bc1qdhrxng6sm03wgll9g4n8rhecz9f3ppqv72qv4g". At no time did Plaintiff willingly send that amount of BTC to that specific address.

10.  Later that day, shortly after noon July 19, Plaintiff received a series of emails from Coinbase indicating that someone was accessing his account from an IP address located in Kirkland, Washington and further asking whether he was trying to contact Coinbase.

11.  At 12:37pm, Plaintiff received yet another email from Coinbase, this time addressed to "Paul", stating that "your account has been locked."

12.  The strange emails continued. An email from Coinbase at 1:25pm states that "you recently requested to reset your password…"; followed by another email at 1:28pm stating that "your password has been updated"; and followed by yet another email sent at 1:54pm, asking Plaintiff to "verify your ID" and "upload a dated ID selfie".

13.  Throughout this time, Plaintiff had contacted Coinbase to warn them of the activity and asked that they lock the account or shut it down completely. On July 20, at 2:40pm, Plaintiff received an email from Coinbase stating that your account "contains the personal info of more than

one individual. As noted in our terms of service, Coinbase doesn't support this."

14. After several more attempts of trying to shut down the account, Coinbase sent an email in the early morning hours of July 23, at 1:02am, stating that, "your account was accessed from the IP address 87.249.134.10. . . . The attacker was able to authenticate your account credentials as well as the 2FA codes generated from your device."

15. The email further stated that a total of 9.94694294 worth of bitcoin (BTC) – worth approximately $298,500 USD at the time – had been sent, in two separate transactions, to the following external account (also known as a digital or virtual 'wallet'): **bcqdnhrxng6sm03wgll9g4n8rhecz9f3ppqv72qvg**. Plaintiff never authorized the transfer of any BTC to this particular wallet, nor permitted anyone to execute such transfer on his behalf.

16. Coinbase has refused to reverse the illicit transactions and has refused to reimburse Plaintiff for his losses.

17. Cryptocurrencies such as bitcoin utilize an underlying technology known as blockchain, which is characterized by a permanent transaction record, readily transparent to all users, and anonymity, which means that users are identified only by the address of their digital wallet.

18. Plaintiff is working with a cryptocurrency expert to track the movement of the stolen cryptocurrency. As is typically the case with cryptocurrency thefts, upon information and belief, JOHN/JANE DOES 1 through 10 have (has) transferred the cryptocurrency to multiple accounts in an effort to obscure the rightful ownership of these assets.

19. Some of these digital wallets are hosted on exchanges that may have demanded identification from JOHN/JANE DOES 1 through 10 when he/she (they) opened their account. One or more of these exchanges used by JOHN/JANE DOES 1 through 10 may have his/her (their)

real name, date of birth, residence, business location, phone number or email address.

## FIRST CAUSE OF ACTION
### (Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 et seq., against JOHN/JANE DOES 1 through 10)

20. Plaintiff repeats and realleges ¶¶ 1 through 19 as if fully set forth herein.

21. The CFAA, at 18 U.S.C. § 1030(a)(4), gives Plaintiff a private right of action against persons who unlawfully hack into a protected computer knowingly and with intent to defraud and thereby obtains anything of value.

22. At the time of the events described *supra*, Plaintiff's computer was equipped with email, internet browsing software, and was accessible through internet connection. Plaintiff's computer was protected with various passwords and other security measures designed to limit access by unauthorized users such as JOHN/JANE DOES 1 through 10. Plaintiff's computer was therefore a "protected computer" used in interstate commerce and communications.

23. JOHN/JANE DOES 1 through 10 unlawfully hacked into a protected computer owned by Plaintiff and thereby gained unauthorized access to Plaintiff's Coinbase account for the purpose of stealing cryptocurrency owned by Plaintiff. The cryptocurrency stolen from the Plaintiff had a market value, at the time these events occurred, greater than $200,000.

24. JOHN/JANE DOES 1 through 10 unlawfully accessed Plaintiff's protected computer knowingly and with intent to defraud and steal from Plaintiff.

25. The actions described *supra* exceeded whatever authorization, if any, Plaintiff may have granted JOHN/JANE DOES 1 through 10 to access Plaintiff's protected computer.

WHEREFORE, Plaintiff is entitled to compensatory and other damages, including injunctive and equitable relief pursuant to N.J.S.A. §2A:38A-5, including, but not limited to: (i) an order enjoining JOHN/JANE DOES 1 through 10 from further accessing Plaintiff's protected

computer and/or further exceeding his/her (their) authorized use by accessing Plaintiff's Coinbase account; (ii) an order requiring JOHN/JANE DOES 1 through 10 to disgorge his/her (their) ill-gotten gains; (iii) an order for an accounting of the amount and location of Plaintiff's stolen cryptocurrency; (iv) an order imposing a constructive trust thereon; (v) an order freezing the assets of JOHN/JANE DOES 1 through 10; (vi) an order enjoining the further transfer and/or disposition of Plaintiff's stolen assets by any party.

### SECOND CAUSE OF ACTION
### (N.J. Computer-Related Offenses Act, N.J.S.A. §2A:38A, against JOHN/JANE DOES 1 through 10)

26. Plaintiff repeats and realleges ¶¶ 1 through 25 as if fully set forth herein.

27. Defendants JOHN/JANE DOE 1 through 10 purposefully, knowingly, willfully and without authorization took data from Plaintiff's without his authorization or permission to do so, viz., the passcodes to his Coinbase account and access to one or more digital wallets holding cryptocurrency, in violation of N.J.S.A. §2A:38A-3(a).

WHEREFORE, Plaintiff is entitled to compensatory damages, punitive damages, costs of suit, attorneys fees, costs of investigation, and litigation costs pursuant to N.J.S.A. §2A:38A-3. Plaintiff is further entitled to injunctive and equitable relief pursuant to N.J.S.A. §2A:38A-5, including but not limited to (i) an order enjoining JOHN/JANE DOES 1 through 10 from further accessing Plaintiff's Coinbase account and digital wallets; (ii) an order requiring JOHN/JANE DOES 1 through 10 to disgorge his/her (their) ill-gotten gains; (iii) an order for an accounting of the amount and location of Plaintiff's stolen assets; (iv) an order imposing a constructive trust; (v) an order freezing the assets of JOHN/JANE DOES 1 through 10; and (vi) an order enjoining the further transfer or disposition of Plaintiff's stolen assets by any party.

## THIRD CAUSE OF ACTION
### (Common Law Fraud, against JOHN/JANE DOES 1 through 10)

28. Plaintiff repeats and realleges ¶¶ 1 through 27 as if fully set forth herein.

29. On or about July 17, 2023, JOHN/JANE DOES 1 through 10 gained unauthorized access to Plaintiff's Coinbase account and one or more digital wallets, and did so by misrepresenting his/her (their) identity as "Paul Reed" with an address at 710 NE 224th Cir., Ridgefield, Washington 98642.

30. Upon information and belief, JOHN/JANE DOES 1 through 10 are not "Paul Reed" of Ridgefield, Washington, and the identities and addresses they submitted to Coinbase are false.

31. JOHN/JANE DOES 1 through 10 used the false pretense that they are "Paul Reed" of Ridgefield, Washington to commandeer Plaintiff's Coinbase account and thereby proceeded to transfer all of the cryptocurrency he owned in one or more virtual wallets to their own possession and control.

WHEREFORE, Plaintiff is entitled to actual, compensatory, and punitive damages.

## FOURTH CAUSE OF ACTION
### (Conversion, against JOHN/JANE DOES 1 through 10)

32. Plaintiff repeats and realleges ¶¶ 1 through 31 as if fully set forth herein.

33. As of July 17, 2023, before JOHN/JANE DOES 1 through 10 unlawfully and without authorization accessed Plaintiff's protected computer without his authorization to do so, Plaintiff owned and had the right to possess the cryptocurrency that was stolen from him.

34. When JOHN/JANE DOES 1 through 10 commandeered Plaintiff's Coinbase account, they knowingly, willfully and intentionally transferred Plaintiff's cryptocurrency to his/her (their) possession and control.

35. JOHN/JANE DOES 1 through 10 continue to exercise such control over Plaintiff's

cryptocurrency in such a way as to deny Plaintiff the use or possession of that cryptocurrency and any enjoyment of the benefits therefrom.

36. Accordingly, JOHN/JANE DOES 1 through 10 wrongfully converted Plaintiff's cryptocurrency to their own possession.

37. As a direct and proximate result of that conversion, Plaintiff has suffered and continues to suffer damages as long as the cryptocurrency is in the possession and control of JOHN/JANE DOES 1 through 10

WHEREFORE, Plaintiff is entitled to actual, compensatory, and punitive damages.

### FIFTH CAUSE OF ACTION
**(Replevin, against JOHN/JANE DOES 1 through 10)**

38. Plaintiff repeats and realleges ¶¶ 1 through 37 as if fully set forth herein.

39. On July 17, 2023, JOHN/JANE DOES 1 through 10 acquired possession of cryptocurrency owned by the Plaintiff through fraud and false pretenses, and JOHN/JANE DOES 1 through 10 continue to wrongfully possess and control those assets.

40. JOHN/JANE DOES 1 through 10 did not take possession or control of those assets to satisfy and lawful tax, assessment, lien setoff or attachment against Plaintiff.

41. JOHN/JANE DOES 1 through 10 has no lawful right to their continued possession and control of those assets.

WHEREFORE, Plaintiff is entitled to the return of his cryptocurrency and such further relief as the court may deem just and proper.

### SIXTH CAUSE OF ACTION
**(Unjust Enrichment, against JOHN/JANE DOES 1 through 10)**

42. Plaintiff repeats and realleges ¶¶ 1 through 41 as if fully set forth herein.

-9-

43.  JOHN/JANE DOES 1 through 10 have obtained the benefits of the cryptocurrency stolen from the Plaintiff, and have therefore been unjustly enriched thereby.

44.  It would be against equity and good conscience to continue permitting JOHN/JANE DOES 1 through 10 to enjoy the benefits of property they stole from the Plaintiff.

WHEREFORE, Plaintiff is entitled to restitution and such further relief as the court may deem just and proper.

### SEVENTH CAUSE OF ACTION
### (Negligence, against COINBASE GLOBAL, INC.)

45.  Plaintiff repeats and realleges ¶¶ 1 through 44 as if fully set forth herein.

46.  Defendant COINBASE represents to its customers that it has robust security measures in place to protect user accounts from unauthorized access by hackers and other bad actors.  COINBASE represents that their security measures include, *inter alia*, cybersecurity software, suspicious behavior algorithms, and "know your customer" protocols, such as demands for user identification and other measures.

47.  Upon information and belief, these security protocols were compromised by Defendants JOHN/JANE DOES 1 through 10 by the careless, negligent and reckless conduct of one or more agents/employees of Defendant COINBASE.

WHEREFORE, Plaintiff is entitled to restitution and such further relief as the court may deem just and proper.

### DESIGNATION OF TRIAL COUNSEL

G. Martin Meyers, Esq., is designated as trial counsel for Defendants.

Dated: Nov. 7, 2023                              By:  /s/    Gary Meyers
                                                            G. Martin Meyers, Esq.

                LAW OFFICES OF G. MARTIN MEYERS, P.C.
*Attorneys for Plaintiff*

### CERTIFICATION PURSUANT TO RULE 1:4-8(a)

I hereby certify that the Answer herein and all documents annexed thereto comport with the requirements of Rule 1:4-8(a).

Dated: Nov. 7, 2023            By: /s/   Gary Meyers
                                              G. Martin Meyers, Esq.

                                        LAW OFFICES OF G. MARTIN MEYERS, P.C.
                                        *Attorneys for Plaintiff*

### CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated: Nov. 7, 2023            By: /s/   Gary Meyers
                                              G. Martin Meyers, Esq.

                                        LAW OFFICES OF G. MARTIN MEYERS, P.C.
                                        *Attorneys for Plaintiff*

### CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that the matter in controversy is not the subject of any other proceeding, and that to the best of my knowledge and belief, no other court proceeding or arbitration is contemplated, and no other parties need be joined at this time.

-11-

Dated: Nov. 7, 2023              By:  /s/    Gary Meyers
                                        G. Martin Meyers, Esq.

                                 LAW OFFICES OF G. MARTIN MEYERS, P.C.
                                 *Attorneys for Plaintiff*