U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYDNEY TYSON, M.D., <br><br> Plaintiff(s), <br><br> v. <br><br> JOHN/JANE DOE 1 aka "PAUL REED", COINBASE GLOBAL, INC., and JOHN/JANE DOES 2-10, <br><br> Defendant(s). | Civil Action No. 1:23-cv-22066 <br><br><br> **MOTION FOR EXPEDITED <br> <u>DISCOVERY</u>** |

G. Martin Meyers, Esq. (#271881971)
gmm@gmeyerslaw.com
Justin A. Meyers, Esq. (#041522006)
justin@gmeyerslaw.com
**LAW OFFICES OF G. MARTIN MEYERS, P.C.**
35 West Main Street, Suite #106
Denville, New Jersey 07834
Tel.  (973) 625-0838
Fax. (973) 525-5350
*Attorneys for Plaintiff Sydney Tyson*

Dated:  Nov. 15, 2023

**PRELIMINARY STATEMENT**

Plaintiff Sydney Tyson, an individual, by and through his undersigned counsel and pursuant to Federal Rules of Civil Procedure 16(b), 26(d)(1), 30(a)(2)(A)(iii), hereby requests an order permitting him to engage in expedited discovery from third parties to enable Plaintiff to obtain documents and other information pertaining to the identity of defendant John/Jane Doe 1 aka "Paul Reed", and John/Jane Does 2-10, one or more individuals who unlawfully accessed his personal computing device and stole cryptocurrency (Bitcoin, "BTC") worth over $250,000.

Plaintiff owns an online account managed by defendant Coinbase Global, Inc. (d/b/a "Coinbase") for the purpose of buying and selling Bitcoin and other cryptocurrencies. Plaintiff spent approximately $75,000 accumulating cryptocurrencies that increased in value to approximately $298,000 by July 2023.

Beginning on July 18, 2023, Plaintiff received emails from Coinbase indicating that someone had unlawfully accessed his Coinbase account and used that access to change the username on the account to "Paul Reed." This unknown individual(s), John/Jane Doe 1, possibly working in conjunction with John/Jane Does 2 through 10, converted all of Plaintiff's digital assets to Bitcoin, and then transferred the 9.94694294 BTC to accounts that they themselves own at various cryptocurrency exchanges, without Plaintiff's authorization.

Working with a forensic examiner, Plaintiff has determined that the majority of the cryptocurrency (6.1985 BTC) went to accounts held at Binance (5.32289 BTC) and Cash App (0.87561 BTC); other amounts (0.93121 BTC) went to accounts held variously at WazirX, Crypto.com, Coinbase, FixedFloat, Shakepay, Bitget, Bitpanda, Remitano, Bybit, TradeOgre, Paxful.com, and ChangeNOW; still other amounts (1.60406 BTC) appear to have been sent to

privately hosted wallets for which discovery will not be worthwhile; and the remaining balance was likely consumed by transaction fees. *See* Tyson Decl., Exh. B, attached thereto.

The cryptocurrency exchanges referred to above maintain transactional accounts for their customers known as digital or virtual "wallets". The cryptocurrency exchanges which manage these accounts are required to keep information concerning the identity of the customers ("know your customer" or "KYC" data) for the purpose of complying with anti-money laundering ("AML") and combating the financing of terrorism ("CFT") regulations. These cryptocurrency exchanges may therefore have information that could reveal the identities of the owners of the wallets that Plaintiff and his forensic expert have identified. These exchanges are also likely to have useful information about the present location of Plaintiff's stolen assets. Accordingly, Plaintiff requests leave to serve subpoenas on several of these exchanges to obtain information on the accounts associated with John/Jane Does 1 through 10.

## REQUEST FOR EXPEDITED DISCOVERY

Plaintiff requests expedited discovery in order to serve subpoenas on the following cryptocurrency exchanges referred to above so as to identify the John/Jane Doe 1 through 10 who own the accounts referred to above, and to further identify any other accounts where Plaintiff's stolen cryptocurrency assets are or may be located: **Binance, Cash App, Crypto.com** and **WazirX**.

The movement of Plaintiff's cryptocurrency has been obfuscated using relay chains, where funds are transferred multiple times and split among many destinations, resulting in a large amount of transaction fees and diminishing the value of funds that can be recovered. "Defrauded

cryptocurrency funds are typically passed through complex layering/mixing schemes aimed at concealing the trail of funds." *See* Tyson Decl., Exh. B, p. 5 at ¶3.1.

Using five different accounting methodologies to track the movement of Plaintiff's stolen cryptocurrency, Plaintiff's forensic expert has identified several wallets associated with cryptocurrency exchanges alluded to above that have a high likelihood of being owned or controlled by John/Jane Does 1 through 10. This is because the identified wallets held or currently hold some of Plaintiff's stolen assets.

Plaintiff's forensic examiner has determined that the following **Binance** accounts, identified by their unique "hash" number, hold 5.32289 of plaintiff's Bitcoin:

> **17htApt2yH4xDV1U8CLKACutWJaguyEvph**
>
> **1A3VcxK9npSwBqQChhAZBFHnw9ofex4AG6**
>
> **1A3VcxK9npSwBqQChhAZBFHnw9ofex4AG6**
>
> **1JQtrMuv8YBfUyXuNfxVKSEzdCmBWArymu**
>
> **1L8a7jXWsn7ipAe5yR7HN8tZC1oDrRmNL**
>
> **1Pg5yMpRbNxphB7ypYNJvHD8DLkT1AfaoD**
>
> **1Poty8QjYdSFTqGzzjKhbgocvDV7TJ5uYB**

*Ibid*. Furthermore, the forensic examiner has determined that the following **Cash App** accounts, identified by their unique "hash" number, hold 0.87561 of plaintiff's Bitcoin:

> **bc1q80e37u0qttv9dcnr6mquymgan9z05fch7utntz**
>
> **bc1qa4w7tr5vfhd5c67jufrgwequ8s7cetfk5t82cf**
>
> **bc1qa4w7tr5vfhd5c67jufrgwequ8s7cetfk5t82cf**
>
> **bc1qa4w7tr5vfhd5c67jufrgwequ8s7cetfk5t82cf**
>
> **bc1qa4w7tr5vfhd5c67jufrgwequ8s7cetfk5t82cf**

>bc1qgvgr2v3qx375uc4xc6kxp59y9r8389jy5udmx3
>
>bc1qhnnw0rz24qj0yhr4ugq9ydmkq5fq5e45mflmlt
>
>bc1qtcw3v3g9mee6slfx868322sle2k9mxpvt8rkv5
>
>bc1qujyk56p5tm0preyap8rn88teajwur3hhp8s7q0
>
>bc1qzx5y8n6d6ww0wuapn9l5j55727qrz832mtlyqe

*Ibid*. Furthermore, Plaintiff's forensic examiner has determined that the following **Crypto.com** account, identified by its unique "hash" number, holds 0.1810 of plaintiff's Bitcoin:

>3MR8AbSy5mE2PEVmLdhYkYkG33tJcPAekD

*Ibid*. And finally, Plaintiff's forensic examiner has determined that the following **WazirX** accounts, identified by their unique "hash" number, holds 0.2668 of plaintiff's Bitcoin:

>bc1q2mut2wq8adgra3ffd8kfw20dg8jev3wservkmq
>
>bc1qgtgnf0pphzhg3a9s74ugs358pj2x68ugf5ggpn
>
>bc1qrq4mecy7sjrew952kzjudp6mfvmtc5x2fextjs
>
>bc1qh7evj2clmp4y5c564hvq00l22qv2psmwy3kjf0

The subpoenas Plaintiff intends to serve on the exchanges will be narrowly tailored to discover these facts. For the exchanges, the subpoenas will seek:

>i. All documents related to [WALLET ADDRESS], including account opening and closing documents, the identity of the account holder, all proofs of identification (such as government-issued photo ID), date of birth, Social Security Number, telephone number, electronic mail address, residential/mailing address, and Know Your Customer ("KYC") and Anti- Money Laundering ("AML") information compiled by [EXCHANGE];
>
>ii. All documents related to any other [EXCHANGE] accounts controlled by the

individual(s) identified in (i);

iii. All documents related to transactions, funding, registered funding sources (i.e., bank accounts or other sources of funding) tied to the accounts controlled by the individual(s) identified in (i);

iv. Correspondence with, or related to, the individual(s) identified in (i).

## LEGAL ARGUMENT

This Court has broad discretion over discovery matters. *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("Matters of docket control and conduct of discovery are committed to the sound discretion of the district court.").

Courts in the Third Circuit generally use the "good cause" test to evaluate requests to issue early discovery, including discovery seeking the identity of John Doe defendants. *See Strike 3 Holdings, LLC v. Doe*, No. 1:18-cv-2674-NLH-JS, 2020 U.S. Dist. LEXIS 114598, at *10 (D.N.J. June 30, 2020) (permitting expedited issuance of subpoena to ISP to ascertain identities of John Doe defendants and citing cases).

In *Strike 3 Holdings*, a similar case to this one, the court set forth a "non-exclusive list of factors courts typically examine in conducting the good cause analysis … (1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether the discovery burdens the defendant; and (5) whether the defendant can respond to the request in an expedited manner. *Id*. at *10-11. Plaintiff's request for expedited discovery satisfies these factors.

**First**, the timing of plaintiff's request is the only possible timing because formal discovery following a 26(f) conference is not possible without identifying the defendant.

**Second**, plaintiff's request is narrowly tailored. Based on the analysis provided by Plaintiff's forensic expert, the subpoenas will seek information concerning a small group of wallets and accounts that have been shown to be owned by, or closely related to, John/Jane Does 1 through 10. Further, the subpoenas seek information necessary to identify and notify the defendant of these proceedings, and to identify wallets that may contain Plaintiff's assets which will be the subject of Plaintiff's motion for preliminary injunction motion.  Indeed, without this discovery, Plaintiff cannot request a preliminary injunction with sufficient specificity.

**Third**, the purpose of this discovery is to identify the party or parties who stole Plaintiff's digital assets.  As the court in *Strike 3 Holdings* stated, "Binding Circuit-level precedent advises courts to grant limited discovery in circumstances where a plaintiff may not otherwise have access to means for identifying John Doe defendants." *Id*. at 22-23 (citing *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004)).

**Fourth and fifth**, this request for discovery does not burden the defendant since it is addressed to third parties. In addition, this discovery does not pose a significant burden to the exchanges, since Plaintiff and his forensic examiner have narrowed the number of wallets and accounts to a small number that are likely to yield the requested evidence.

This very court has recently authorized expedited discovery to serve subpoenas on cryptocurrency exchanges to identify defendants in other matters.  *Strivelli v. Doe*, No. 22-2060 (MAS) (RLS), 2022 U.S. Dist. LEXIS 66770 (D.N.J. Apr. 11, 2022).  Other federal courts have authorized expedited discovery in similar cases. *See, e.g., Singulardtv v. Doe*, No. 1:21-cv-060000, 2021 U.S. Dist. LEXIS 164866 (S.D.N.Y. Aug. 16, 2021).

## **CONCLUSION**

Because it will be impossible to identify defendants John/Jane Does 1 through 10, or frame a proper request for an injunction otherwise, Plaintiff's request for expedited discovery should be granted.

Dated: Nov. 15, 2023                  By: /s/ Justin Meyers
                                               Justin Meyers, Esq. (NJ #041522006)

                                      LAW OFFICES OF G. MARTIN MEYERS, P.C.
                                      *Attorneys for Plaintiff Sydney Tyson*