[ECF No. 4]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SYDNEY TYSON, <br><br> Plaintiff, <br><br> v. <br><br> COINBASE GLOBAL, INC., et al., <br><br> Defendants. | Civil No. 23-22066 (KMW/EAP) |

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court by way of Plaintiff Sydney Tyson, M.D.'s Motion, ECF No. 4 ("Pl.'s Mot."), seeking leave to conduct expedited discovery and file third-party subpoenas prior to a Rule 26(f) discovery conference. The Court has considered Plaintiff's submission and, pursuant to Federal Rule of Civil Procedure 78(b), decides the Motion without oral argument. For the reasons that follow, and for good cause shown, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

# BACKGROUND

This case is about an alleged cryptocurrency theft. According to the Complaint, Plaintiff owned bitcoin in an account hosted by Defendant Coinbase Global, Inc. ("Coinbase"). ECF No. 1, Complaint ("Compl.") ¶¶ 1, 6. Plaintiff alleges that in July 2023, one or more individuals hacked his Coinbase account. *Id.* ¶ 8. Plaintiff further alleges that on July 19, 2023, Coinbase sent him the first of many suspicious emails, which confirmed bitcoin transactions Plaintiff never made. *Id.* ¶ 9. Coinbase then emailed Plaintiff stating that "someone was accessing his account from an IP address located in Kirkland, Washington." *Id.* ¶ 10. The strange emails continued, and one email

from Coinbase, addressed to "Paul," stated that Plaintiff's account had been locked. *Id.* ¶ 11. Plaintiff made several attempts to resolve the problem by working with Coinbase. *Id.* ¶ 14. Plaintiff, however, was allegedly unable to lock or shut down his account. *Id.* Altogether, Plaintiff alleges that hackers took bitcoin worth $298,500 from his account without his consent. *Id.* ¶ 15. Plaintiff further alleges that the Doe Defendants "gained unauthorized access to Plaintiff's Coinbase account and one or more digital wallets, and did so by misrepresenting his/her (their) identity as 'Paul Reed.'" *Id.* ¶ 29. Coinbase has allegedly refused to reverse the transactions or otherwise compensate Plaintiff. *Id.* ¶ 16; Declaration of Sydney Tyson ("Tyson Decl."), Ex. A (Email from Coinbase Support to Plaintiff).

On November 7, 2023, Plaintiff filed his Complaint in this action. *See* Compl. He brings claims against the Doe Defendants under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* (Count One), *id.* ¶¶ 20-25; the New Jersey Computer-Related Offenses Act, N.J.S.A § 2A:38A (Count Two), *id.* ¶¶ 26-27; and common law claims of fraud, conversion, replevin, and unjust enrichment (Counts Three through Six), *id.* ¶¶ 28-44.[1] Due to the pseudonymity cryptocurrency provides, Plaintiff does not yet know the identity of the individual or individuals allegedly responsible for hacking his account. *Id.* ¶¶ 17-19. Plaintiff retained a blockchain analytics company, Coinfirm, which has identified the digital wallets that hold funds allegedly stolen from Plaintiff's account by unique ID, known as a Destination Address.[2] Pl.'s Mot. at 2-3; Tyson Decl. ¶¶ 7-8 and Ex. B (Coinfirm Report).[3] But cryptocurrency transactions and accounts are

---

[1] Plaintiff also brings a claim against Defendant Coinbase Global, Inc. for negligence (Count Seven). *See* Compl. ¶¶ 45-47.
[2] Plaintiff lists the relevant Destination Addresses both in his Motion and in his Proposed Order. Although the lists differ, the Court notes that after further clarification from counsel, the information in the Proposed Order is correct.
[3] Plaintiff's Motion is not paginated. The page citations to his Motion correspond to the ECF document page numbers.

anonymous from the user perspective, meaning that users cannot identify the persons who hold or transfer assets on any exchange.  Thus, Plaintiff cannot link the unique Destination Addresses to their human owners.  Pl.'s Mot. at 3.  As a result, Plaintiff alleges that only the cryptocurrency exchanges can easily identify the Doe Defendants because these entities collect know-your-customer ("KYC") information and other data to comply with federal law.  *Id.*; Tyson Decl. ¶ 9.

On November 15, 2023, Plaintiff filed the present Motion requesting expedited discovery and leave to file third-party subpoenas on the four (4) cryptocurrency exchanges—Binance, Cash App, Crypto.com, and WazirX—that, according to the Coinfirm Report, host accounts containing Plaintiff's allegedly misappropriated assets.  *See* Pl.'s Mot. at 2; Tyson Decl., Ex. B at 5-11.  Plaintiff's proposed subpoenas would request the following information for each person who owns an account holding the allegedly stolen assets:

> (i)  All documents related to [the wallet address], including account opening and closing documents, the identity of the account holder, all proofs of identification (such as government-issued photo ID), date of birth, Social Security Number, telephone number, electronic mail address, residential/mailing address, and Know York Consumer ("KYC") and Anti-Money Laundering ("AML") information compiled by [the exchange];
> (ii)  All documents related to any other [exchange] accounts controlled by the individuals identified in (i);
> (iii)  All documents related to transactions, funding, registered funding sources (i.e., bank accounts or other sources of funding) tied to the accounts controlled by the individual(s) identified in (i);
> (iv)  Correspondence with, or related to, the individual(s) identified in (i)

Pl.'s Mot. 5-6.

Plaintiff argues that good cause exists for the Court to grant the Motion for expedited discovery because service of early subpoenas is the only means for Plaintiff to identify and serve process on the Doe Defendants.  *Id*. at 6-7.  As the Doe Defendants have not yet been served, Plaintiff's Motion is unopposed.  *See* Dkt. Sheet.

3

**DISCUSSION**

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b). However, despite the broad scope of discovery, parties are generally barred from seeking discovery before the parties participate in a conference required by Rule 26(f). *See* FED. R. CIV. P. 26(d)(1). Nonetheless, in certain circumstances, a court may "grant [a party] leave to conduct discovery prior to that conference[,]" considering "the entirety of the record to date and the reasonableness of the request in light of all the circumstances." *Strike 3 Holdings, LLC v. Doe*, No. 21-17863, 2021 WL 4623348, at *1 (D.N.J. Oct. 7, 2021) (citing *Better Packages, Inc. v. Zheng*, No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006)).

Until 2015, the Federal Rules authorized the Court, for "good cause," to order discovery of any matter relevant to the subject matter involved in the action. FED R. CIV. P. 26(b)(1) advisory committee's note to 2015 amendment. However, the 2015 amendment to Rule 26 removed the "good cause" language and instituted a proportionality test for discovery. *Id*. Nevertheless, courts in this District typically evaluate similar cases under the "good cause" standard, and the Court finds this analysis instructive. *See, e.g.*, *Mizrahi v. Anna*, No. 23-2462, 2023 WL 7273725, at *3 (D.N.J. Nov. 3, 2023) (applying the "good cause" standard); *Strivelli v. Doe*, No. 22-2060, 2022 WL 1082638, at *2-3 (D.N.J. Apr. 11, 2022) (same); *Tracey v. Recovco Mortg. Mgmt. LLC*, 451 F. Supp. 3d 337, 344-45 (D.N.J. 2020) (same).

"Good cause exists where 'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Malibu Media, LLC v. Doe*, No. 15-8940, 2016 WL 614414, at *1 (D.N.J. Feb. 16, 2016) (quoting *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009)). Further, courts should consider (1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly

4

tailored; (3) the purpose of the requested discovery; and (4) whether the discovery burdens Defendants and whether Defendants can respond to the request in an expedited manner. *Better Packages, Inc.*, 2006 WL 1373055, at *3.

Plaintiff contends that an analysis of the foregoing factors satisfies the good cause standard. First, Plaintiff alleges the timing of his request favors granting the relief because a Rule 26(f) conference is not possible without the Doe Defendants. Second, Plaintiff's request is narrowly tailored and identifies the limited and specific information sought based on the report from Plaintiff's forensic expert. Third, the purpose of the requested discovery is to identify the Doe Defendants who allegedly stole Plaintiff's digital assets and thus, the information is necessary to advance his claims. Fourth, the discovery does not burden the Doe Defendants because the subpoenas will be served on third parties and because Plaintiff's forensic expert's analysis limited the number of wallets and accounts subject to the subpoenas.

The Court finds that consideration of these good cause factors warrants expedited discovery in this case. After filing his Complaint, Plaintiff promptly moved to serve the third-party subpoenas just eight (8) days later. *See* ECF Nos. 1, 4. The information sought is necessary for Plaintiff to identify the appropriate Defendants and to serve the Complaint. Pl.'s Mot. at 7. Further, such information is only available from the cryptocurrency exchanges themselves. *Id*. The request does not overly burden any Defendant; in fact, the subpoenas are directed to the cryptocurrency exchanges and not to any Doe Defendant. *See id.* The Court further recognizes that while the account holders may not be personally responsible for the alleged misappropriation of funds, they might possess information that assists Plaintiff in identifying the persons responsible. For these reasons, the Court finds that the information is discoverable under the broad scope of Rule 26. *See, e.g.*, *Strivelli*, 2022 WL 1082638, at *2-3 (granting leave to serve subpoenas on cryptocurrency exchanges for the purposes of serving process in a nearly identical case);

5

*Wuluvarana*, 2023 WL 183874, at *4 (same); *Jacobo*, 2022 WL 2079766, at *4 (same); *ZG Top Tech. Co. v. Doe*, No. 19-92, 2019 WL 917418, at *2 (W.D. Wash. Feb. 25, 2018) (same).

Having determined that expedited discovery is appropriate, the Court next addresses the breadth of the information that Plaintiff seeks. Plaintiff argues that other courts have granted plaintiffs leave to serve similarly broad subpoenas in cryptocurrency theft cases. For example, Plaintiff cites *Strivelli v. Doe*, No. 22-2060, 2022 WL 1082638 (D.N.J. Apr. 11, 2022), a case in which the court granted a motion for expedited discovery against a cryptocurrency exchange and approved subpoenas nearly identical to those proposed here. In *Strivelli*, the plaintiff alleged cryptocurrency theft. 2022 WL 1082638, at *1. After an expert determined which digital wallets allegedly held plaintiff's misappropriated assets, the plaintiff moved for expedited discovery and an *ex parte* temporary restraining order ("TRO"). *Id.* More specifically, the plaintiff sought leave to file third-party subpoenas on a cryptocurrency exchange to identify the defendant and to serve process. *Id.* The information requested in *Strivelli* is identical to that requested in the present Motion. *Id.* at *7-8. Noting that "expedited discovery is particularly appropriate where . . . a plaintiff seeks injunctive relief," the court granted the plaintiff's motion for expedited discovery in full but deferred on the motion for a TRO. *Id.* (cleaned up).

However, courts in subsequent cases have significantly narrowed the scope of similar subpoenas. In *Jacobo v. Doe*, No. 22-672, 2022 WL 2079766 (E.D. Cal. June 9, 2022), the court found that an expedited discovery request in a cryptocurrency theft case was overbroad. 2022 WL 2079766, at *4. The court reasoned that although the plaintiff needed some information from the cryptocurrency exchanges to serve process, the "plaintiff's proposed discovery requests for documents and information regarding transactions involving the Destination Addresses and communication with defendant and any non-party accountholder of the Destination [A]ddresses 'seek affirmative relief from [the court] that is the subject of this lawsuit, and go well beyond the

6

request for expedited discovery.'" *Id.* (quoting *ZG Top Tech. Co.*, 2019 WL 917418, at *3). Similarly, the court found that the plaintiff's requests for account holder information such as photo ID, Social Security number, and date of birth were not narrowly tailored to the purpose of serving process and joining the unknown defendants. *Id.* Accordingly, the court granted the plaintiff's expedited discovery request, but limited the scope of the subpoenaed information to the legal name, street address, telephone number, and email address of the relevant account owners. *Id.*; *see also ZG Top Tech. Co.*, 2019 WL 917418, at *3 (granting an expedited discovery request in a cryptocurrency theft case to serve subpoenas limited to the alleged defendant's name, home address, telephone number, and email address).

Another court has followed that same approach. In *Wuluvarana v. Does*, No. 22-982, 2023 WL 183874 (E.D. Wis. Jan. 13, 2023), the court granted expedited discovery in a cryptocurrency theft case but only as to the account holders' legal name, street address, telephone number, and email address. 2023 WL 183874, at *4. The court noted that requests for personally identifiable information beyond what is required to serve process were overbroad. *Id.* ("The court does not believe it is necessary or appropriate, however, to allow the plaintiff to obtain the defendants' Social Security numbers."). The court also rejected the plaintiff's request for specific account information, such as transaction history and logs, third-party internal account documents, and correspondence between the exchange and the account owner as "unnecessary at this stage, particularly where the plaintiff's investigator claims to have located the plaintiff's assets." *Id.*

The Court finds these authorities persuasive. Following this measured approach will provide Plaintiff enough information to identify the Doe Defendants and serve process, but reserve other discovery until after a Rule 26(f) conference as required under Rule 26(d)(1). And although Plaintiff here has requested injunctive relief, *see* Compl. ¶¶ 25, 27, unlike in *Strivelli*, Plaintiff has not filed a motion for a TRO or other emergent relief. Accordingly, any expedited discovery at

7

this stage of the litigation must be narrowly tailored to the articulated purpose of serving process on the Doe Defendants. In addition, other information is not currently required because here, as in *Wuluvarana*, Plaintiff's forensic expert claims to have located the allegedly misappropriated assets. *See* Pl.'s Mot. 4-5; Tyson Decl., Ex. B. Accordingly, the Court will grant the Motion but limit the subpoenaed information to the legal name, street address, telephone number, and email address of the owners of the accounts listed in Plaintiff's Proposed Order at 2.

# ORDER

For the reasons set forth in the Opinion and for good cause shown:

**IT IS** this **4th** day of **January 2024**;

**ORDERED** that Plaintiff's Motion, ECF No. 4, seeking leave to serve subpoenas pursuant to Rule 45 prior to a Rule 26(f) conference is hereby **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that Plaintiff may serve Rule 45 subpoenas issued to Binance, Cash App, Crypto.com, and WazirX that are limited to the legal name, street address, telephone number, and email address of the persons who own the accounts identified below:

| Exchange | Destination Address |
| --- | --- |
| Binance | 17htApt2yH4xDV1U8CLKACutWJaguyEvph |
| Binance | 1A3VcxK9npSwBqQChhAZBFHnw9ofex4AG6 |
| Binance | 14PvBiXJ2GYLS99uaHHmzpF3P4ZSiUNS4x |
| Binance | 1JQtrMuv8YBfUyXuNfxVKSEzdCmBWArymu |
| Binance | 1L8a7jXWsn7ipAe5yR7HN8tZC1oDrRmNL |
| Binance | 1Pg5yMpRbNxphB7ypYNJvHD8DLkT1AfaoD |
| Binance | 1Poty8QjYdSFTqGzzjKhbgocvDV7TJ5uYB |

| Exchange | Destination Address |
|---|---|
| Cash App | bc1q80e37u0qttv9dcnr6mquymgan9z05fch7utntz |
| Cash App | bc1qa4w7tr5vfhd5c67jufrgwequ8s7cetfk5t82cf |
| Cash App | bc1qzx5y8n6d6ww0wuapn9l5j55727qrz832mtlyqe |
| Cash App | bc1qujyk56p5tm0preyap8rn88teajwur3hhp8s7q0 |
| Cash App | bc1qhnnw0rz24qj0yhr4ugq9ydmkq5fq5e45mflmlt |
| Cash App | bc1qtcw3v3g9mee6slfx868322sle2k9mxpvt8rkv5 |
| Cash App | bc1qgvgr2v3qx375uc4xc6kxp59y9r8389jy5udmx3 |

| Exchange | Destination Address |
|---|---|
| Crypto.com | 3MR8AbSy5mE2PEVmLdhYkYkG33tJcPAekD |

| Exchange | Destination Address |
|---|---|
| WazirX | bc1q2mut2wq8adgra3ffd8kfw20dg8jev3wservkmq |
| WazirX | bc1qgtgnf0pphzhg3a9s74ugs358pj2x68ugf5ggpn |
| WazirX | bc1qrq4mecy7sjrew952kzjudp6mfvmtc5x2fextjs |
| WazirX | bc1qh7evj2clmp4y5c564hvq00l22qv2psmwy3kjf0 |

Pl.'s Proposed Order at 2; and it is further

     **ORDERED** that Plaintiff shall attach to any such subpoena a copy of this Order.  Under no circumstances is Plaintiff permitted to seek or obtain any other information associated with any individuals through these subpoenas, including ownership of any digital wallet not identified by specific Destination Addresses listed in this Order, other funding sources, Social Security numbers, dates of birth, or copies of photo IDs.  Plaintiff's request to serve subpoenas which include the

information listed in sections (ii)-(iv) of the proposed subpoenas, Pl.'s Mot. at 4-5, is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff may only use the information disclosed in response to the Rule 45 subpoenas served on the cryptocurrency exchanges for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint; and it is further

**ORDERED** that Plaintiff shall provide copies of the responsive information to any Defendant who enters an appearance in this case; and it is further

**ORDERED** that the time within which Plaintiff may serve the Doe Defendant with a summons and Complaint in this action is extended to **April 1, 2024**.

s/ Elizabeth A. Pascal  
ELIZABETH A. PASCAL  
United States Magistrate Judge

cc:  Hon. Karen M. Williams, U.S.D.J.