LAW OFFICES OF

# G. MARTIN MEYERS, P.C.

A PROFESSIONAL CORPORATION

35 W. MAIN STREET, SUITE 106
DENVILLE, NJ  07834
e-mail: justin@gmeyerslaw.com

| | |
|---|---|
| TELEPHONE:  (973) 625-0838 | TELECOPIER:  (973) 625-5350 |
| --------------- | --------------- |
| G. MARTIN MEYERS, Esq. * | SUSAN S. SINGER, Esq. † |
| * Certified by the New Jersey Supreme Court | JUSTIN A. MEYERS, Esq. † |
| as a Civil Trial Attorney | † Of Counsel |
| --------------- | --------------- |

Sept. 26, 2024

**VIA U.S. MAIL**
Hon. Karen M. Williams, U.S.D.J.
Mitchell H. Cohen U.S. Courthouse
4th & Cooper Streets
Courtroom: 4A
Camden, New Jersey 08101

Re:   Tyson v. John/Jane Doe 1 to 10, et al.
      Civil Action No. 1:23-cv-22066

Dear Judge Williams:

Please accept this letter brief in lieu of a more formal application.

Plaintiff seeks leave of court pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure for alternative service to the pseudonymous defendants John (Jane) Does 1 through 10, whom we believe are one or more individuals residing abroad.  Plaintiff intends to airdrop a non-fungible token ("NFT") containing a link to a digital copy of the summons and complaint via the blockchain wallets where the plaintiff's cryptocurrency was spirited after Defendants successfully commandeered his Coinbase account.  Each wallet address is uniquely identified and linked to an email address and bank account, ensuring that, just like an email address, it is specific to a particular user.

Rule 4(f)(3) provides that an individual may be served "by other means not prohibited by international agreement, as the court orders." *Ibid*.  A party seeking authorization for service under Rule 4(f)(3) need not show that all feasible service alternatives have been exhausted, but instead, must "demonstrate that the facts and circumstances of the present case necessitate[ ] the district court's intervention."

Hon. Karen M. Williams, U.S.D.J.
September 26, 2024
Page 2 of 3

*Cipherblade, LLC v. Cipherblade, LLC*, No. 3:23-cv-00238-JMK, 2024 U.S. Dist. LEXIS 3159, at *2-3 (D. Alaska Jan. 5, 2024).

     Federal district courts may order service through a variety of methods, including mail to the defendant's last known address, email, and more recently, direct messaging through social media. *See, e.g., Noco Co. v. Zhejiang Quingyou Elec. Commerce Co.*, 338 F.R.D. 100 (N.D. Ohio 2021) (permitting service through Amazon Message Center); *E.L.V.H. Inc. v. Bennett*, 2018 U.S. Dist. LEXIS 236021 (C.D. Cal. May 2, 2018) (alternative service via Facebook messenger). A New York state court has authorized the precise relief requested here, service via non-fungible token. *Lcx Ag v. 1.274m United States Dollar Coin,* 2022 NYLJ LEXIS 961 (2022). And finally, the District Court of Alaska recently permitted service via airdropping a non-fungible token to defendant's cryptocurrency wallet. *Cipherblade, LLC*, 2024 U.S. Dist. LEXIS 3159, at *7.

     The alternative means of service proposed here, via non-fungible token containing a link to a webpage with a published copy of the summons and complaint, is not prohibited by the Hague Convention on Service Abroad, nor is there any international agreement prohibiting service by providing a link to a designated web page containing a copy of the complaint. *See Chow v. Defendant 1*, No. 24-CV-480, 2024 U.S. Dist. LEXIS 71604, at *2 (E.D. La. Apr. 19, 2024). Because the defendants perpetrated their illegal scheme to highjack Dr. Tyson's Coinbase account and pilfer his bitcoin through electronic means over the Internet using cryptocurrency blockchain ledger technology, it may be inferred that NFT and website posting are likely to reach these (as yet) unidentified defendants. *Cf. id*.

     The proposed alternative service is necessary here because the John (Jane) Doe defendants remain anonymous and the cryptocurrency exchanges (Binance, etc.) through which they transacted have been unable, or unwilling, to offer any information that might reveal who they are or where they are. See Meyers Cert., ¶¶ 2-3. Finally, the proposed method of effecting service satisfies the constitutional standard of due process because it is reasonably calculated under the circumstances to apprise these unknown defendants of the pendency of this action, and affords them an opportunity to respond. Alternative means of service are acceptable so long as they comport with constitutional notions of due process. See *Cipherblade, LLC*, at *3 (the method of service permitted "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

     In sum, this method of service has been allowed in several cases involving cryptocurrency theft because it is reasonably calculated to apprise the defendants that an

action is pending against them using the very blockchain technology they used to perpetrate their crime. Plaintiff therefore requests that service through the proposed alternative means be granted pursuant to Rule 4(f)(3).

Respectfully submitted,

/s/ Justin Meyers
  Justin A. Meyers (#041522006)

LAW OFFICES OF G. MARTIN MEYERS, P.C.
*Attorneys for Plaintiff*