[ECF No. 12]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SYDNEY TYSON, M.D., <br><br>  Plaintiff, <br><br> v. <br><br> COINBASE GLOBAL, INC., et al., <br><br>  Defendants. | Civil No. 23-22066 (KMW/EAP) |

**OPINION**

This matter comes before the Court by way of motion by Plaintiff Sydney Tyson, M.D. ("Plaintiff"), ECF No. 12, seeking leave for alternative service pursuant to Federal Rules of Civil Procedure 4(f)(3) to serve the John/Jane Doe Defendants 1 through 10 ("Doe Defendants") by non-fungible token ("NFT"). The Court has considered Plaintiff's submissions. For the reasons that follow, and for good cause shown, Plaintiff's motion is **GRANTED**.

**FACTUAL BACKGROUND**

The present motion arises from Plaintiff's efforts to serve notice of process on the Doe Defendants. *See* ECF 12-1 ("Pl.'s Br.") at 1-3. According to the Complaint, Plaintiff has maintained an account with Coinbase Global, Inc. ("Coinbase")[1] for nearly ten years to accumulate Bitcoin ("BTC") and other cryptocurrencies. *See* ECF No. 1 ("Compl.") ¶ 6. Plaintiff's claims and the current motion arise out of the alleged theft of Plaintiff's BTC.

---

[1] The Court dismissed with prejudice Plaintiff's claims against Coinbase upon stipulation and agreement by the parties. *See* ECF No. 8.

The following facts are taken from the Complaint. On July 18, 2023, Plaintiff received a notification from Coinbase that he had "successfully completed ID verification." *Id.* ¶ 8. The following day, Coinbase informed Plaintiff that ".0320 BTC" had been sent from his account to an external digital account, bc1qdhrxng6sm03wgll9g4n8rhecz9f3ppqv72qv4g ("External Account"). *Id.* ¶ 9. Plaintiff soon after received emails from Coinbase notifying him that "someone was accessing his account from an IP address located in Kirkland, Washington," and asking whether Plaintiff was trying to contact Coinbase. *Id.* ¶ 10. At 12:37 p.m. on July 19, 2024, Plaintiff received another email addressed to "Paul" notifying Plaintiff that his account had been locked. *Id.* ¶ 11. Subsequent emails followed notifying Plaintiff that he had recently requested a password reset; that his password had been updated; and that Plaintiff needed to update his identification information. *Id.* ¶ 12. Plaintiff at no time requested any of these actions. *Id.* ¶¶ 9-14.

On July 23, 2024, Plaintiff received an email from Coinbase informing him that "your account was accessed from the IP address 87.249.134.10 . . . . The attacker was able to authenticate your account credentials as well as the 2FA codes generated from your device." *Id.* ¶ 14. The email also informed Plaintiff that approximately $298,5000 worth of BTC had been sent from his account in two separate transactions to the External Account. *Id.* ¶¶ 14-15.

Plaintiff's motion comes before the Court after Plaintiff's attempts to serve process on the Doe Defendants have been unsuccessful. Prior to this motion, the Court issued a Memorandum Opinion and Order, ECF No. 6 ("Jan. 1, 2024 Order"), granting in part and denying in part Plaintiff's motion to conduct expedited discovery and to file third-party subpoenas. Pursuant to that Order, Plaintiff served Rule 45 subpoenas on Binance, Cash App, Crypto.com, and WazirX seeking legal names, street addresses, telephone numbers, and email addresses of persons who

owned accounts identified by Plaintiff as having received the alleged stolen cryptocurrencies. Jan. 1, 2024 Order at 8-9; *see also* ECF No. 4 (Motion for Expedited Discovery ("Pl.'s Disc. Mtn.")) at 3-5. Plaintiff's subpoenas did not reveal any information that Plaintiff could use to identify the Doe Defendants. Pl.'s Br. at 2. The only contact information that Plaintiff has in his possession is the physical address for "Paul Reed," which Plaintiff believes is a false identity. Compl. ¶¶ 29-31.

Plaintiff now seeks leave to serve the Doe Defendants by using an NFT containing a link to a digital copy of the summons and the complaint located on Plaintiff's counsel's website. ECF No. 12-2 (Declaration of Justin A. Meyers, Esquire ("Meyers Decl.")) ¶¶ 7-8. Plaintiff's counsel would "airdrop" the NFT from his Coinbase account to the external accounts that Plaintiff's forensics expert, Coinfirm, has identified as belonging to the Doe Defendants. *Id*. Plaintiff avers that there are no international treaties that prohibit service of process in the manner requested and that service by NFT in this instance would be consistent with constitutional standards of due process. Pl.'s Br. at 2.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 4(f) governs the standards for service of process on individuals located outside of the United States. *Braverman Kaskey, P.C. v. Toidze*, 599 F. App'x 448, 452 (3d Cir. 2015). The rule permits service of process on those individuals "by any internationally agreed means of service that is reasonably calculated to give notice," to include methods prescribed by the Hague Convention. *Id*. In considering alternative service, it is up to the Court's discretion "whether the particularities and necessities of a case warrant alternative service" under Rule 4(f)(3). *Vanderhoef v. China Auto Logistics Inc.*, No. 18-10174, 2019 WL 6337908, at *2 (D.N.J. Nov. 26, 2019). Service of process under 4(f)(3) is not "a last resort [or]

extraordinary relief . . . . It is merely one means among several which enables service of process on an international defendant." *Knit With v. Knitting Fever, Inc.*, Nos. 08-4221, 08-4775, 2010 WL 477944, at *3 (E.D. Pa. Dec. 7, 2010) (quoting *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

Alternative means of service under Rule 4(f) must also be "reasonably calculated to provide notice and an opportunity to respond." *Rio Props.*, 284 F.3d at 1017. A district court may grant alternative service if "the movant has shown that there is no international agreement prohibiting service by the proposed method, that the proposed method of service is reasonably calculated to provide the defendant notice, and that the movant has made a good faith effort to locate the defendant." *Celgene Corp. v. Blanche Ltd.,* No. 16-501, 2017 WL 1282200 (D.N.J. Mar. 10, 2017) (citing *Sec. & Exch. Comm'n v. Dubovoy*, No. 15-6076, 2016 WL 7217607, at *2-3 (D.N.J. Dec. 13, 2016)).

## DISCUSSION

Due to the unique factual circumstances of this case, the Court analyzes Plaintiff's proposed method of alternative service under the standards set out for substituted service abroad under Federal Rule of Civil Procedure 4(f) and within the United States under Federal Rule of Civil Procedure 4(e). The Court finds that that alternative service under either rule is warranted here. First, if the Doe Defendants are abroad, no international treaty or agreement prohibits the method of alternative service Plaintiff proposes, the service is reasonably calculated to apprise the Doe Defendants of the pendency of this action, and Plaintiff has made a good faith effort to locate the Doe Defendants. Further, the Court finds that the mode of alternative service requested is consistent with constitutional standards of due process. Second, if the Doe Defendants are located within the United States, Rule 4(e) would apply, and the Court finds that alternative service here

4

would still be proper because the proposed method would comply with New Jersey State court rules for service of process.

A.     **Plaintiff's Proposed Method of Alternative Service Is Proper under Rule 4(f).**

If the Doe Defendants are located outside a judicial district of the United States, then alternative service is governed by Rule 4(f). Rule 4(f) provides:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> >
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > (C) unless prohibited by the foreign country's law, by:
> >
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > >
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

As an initial matter, the Court is unaware of any international agreement or treaty that would prohibit the alternative service that Plaintiff requests. The Third Circuit Court of Appeals has held that the Hague Convention does not apply where "a defendant's address is unknown."

5

*Braverman Kaskey, P.C.*, 599 F. App'x at 452 (quoting *Convention Done at the Hague* Nov. 15, 1965; T.I.A.S. No. 6638 (Feb. 10, 1969)). Here, Plaintiff has not been able to identify physical addresses for the Doe Defendants aside from the purported address associated with "Paul Reed," which Plaintiff alleges is a fake identity. Compl. ¶¶ 29-31. As such, the Hague Convention does not apply. The Court also notes that, at this juncture, it would be difficult to determine which treaty or agreement would apply given that the physical location(s) of the Doe Defendants are currently unknown. Plaintiff contends only that he believes some of the Doe Defendants are abroad. Pl.'s Br. at 1. As such, the information available is insufficient to permit the Court to make a finding as to which treaties or agreements, if any, would apply.[2]

Second, the Court finds that service by NFT in these unique factual circumstances is reasonably calculated to provide the Doe Defendants notice. Other courts have considered a similar question to the one presented here; that is, whether alternative service by an NFT was proper. In *CipherBlade, LLC. v. CipherBlade, LLC*, the plaintiff sought to "airdrop a non-fungible token (or "NFT") containing a link to a digital copy of the summons and complaint via a blockchain wallet . . . ." No. 23-238, 2024 WL 69164, at *3 (D. Alaska Jan. 5, 2024). The court

---

[2] Some courts have required plaintiffs seeking alternative service abroad to provide "sufficient evidence" demonstrating that a defendant to be served via Rule 4(f)(3) is located outside of any judicial district in the United States. *See, e.g., Chegg, Inc. v. Doe*, 2023 WL 7392290, at *3 (N.D. Cal. Nov. 7, 2023). However, unlike those cases, the Court here finds that if such a requirement were imposed, Plaintiff would not be able to provide the "sufficient evidence" because the technology underlying cryptocurrencies is designed to protect the identities of its users. *See* Compl. ¶¶ 17-18. Moreover, *Chegg, Inc.* did not involve defendants using blockchain and cryptocurrencies to cover their tracks but instead, involved more conventional and traceable forms of electronic exploitation. *See id.* at *1 (stealing online content from plaintiff, using it on their website, and creating fake e-mail addresses).

Further, the Court notes that Rule 4(f)(3) does not contain an express requirement that a plaintiff seeking alternative service must establish with any level of certainty that a defendant is located abroad. *See generally* Fed R. Civ. P. 4(f)(3). "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Props.*, 284 F.3d at 1014.

noted that "[t]his method of service is reasonably calculated to apprise the defendants of this action as this case involves a 'blockchain investigation' company." *Id.* at *3. The court held that because the defendants used the external accounts in question, it was reasonable that service on the defendants' external accounts via NFT would apprise the defendants of the pendency of the plaintiff's claim. *Id.*

Here, Plaintiff similarly used a "blockchain investigation" company to identify the digital wallets to which Plaintiff's counsel would send the NFT. Meyers Decl. ¶ 8 and Ex. D. Plaintiff's forensics expert, Coinfirm, identified the external accounts to which the Doe Defendants transferred Plaintiff's BTC. *See id.*, Ex. D at 14. As in *CipherBlade*, *LLC*, the Court finds that service on the external accounts is reasonably likely to apprise the Doe Defendants of this action. 2024 WL 69164, at *3.

Finally, the Court finds that Plaintiff has made a good faith effort to locate the Doe Defendants prior to moving for alternative service. To demonstrate good faith, a plaintiff must show that "reasonable efforts to serve the defendant have been made and proven unsuccessful, and the court's intervention is necessary to prevent more futile attempts at service." *In re Heckmann,* No. 10-378, 2011 WL 5855333, at *3 (D. Del. Nov. 22, 2011) (citing *Rio Props.*, 284 F.3d at 1014). Plaintiff served Rule 45 third-party subpoenas on the cryptocurrency exchanges that hosted the external accounts to which Plaintiff's forensic expert traced Plaintiff's BTC. Meyers Decl. ¶ 6. Plaintiff argues that none of the cryptocurrency exchanges were willing or able to provide the information Plaintiff would need to serve a copy of the summons and complaint on the Doe Defendants. Pl.'s Br. at 2. Given that Rule 4(f)(3) does not require exhaustion of all other possible methods before moving for alternative service, and given Plaintiff's efforts and the unique facts of

7

this case, the Court finds that Plaintiff has demonstrated reasonable efforts in attempting to locate the Doe Defendants.  Accordingly, the Court finds that alternative service is warranted.

**B.        Plaintiff's Proposed Method of Alternative Service Is Also Proper under Rule 4(e)**

Even assuming the Doe Defendants are located within a judicial district in the United States, Plaintiff's proposed method of alternative service would still satisfy the constitutional protections of due process.  Federal Rule of Civil Procedure Rule 4(e) governs service of process on persons located within a judicial district in the United States.  Rule 4(e) provides:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>>
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Unlike Rule 4(f), Rule 4(e) does not provide federal courts much latitude in crafting methods of alternative service.  *Birmingham v. Doe*, 593 F. Supp. 3d 1151, 1157-58 (S.D. Fla. 2022) ("Rule 4(e) does not contain a subsection similar to Rule 4(f)(3)'s broad conferral of judicial discretion to endorse alternative forms of service.").  Rather, Rule 4(e) permits alternative service if such service "follow[s] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ."  Fed. R. Civ. P.

4(e)(1). Accordingly, New Jersey state court rules regarding service of process would govern whether the Court should grant alternative service.

New Jersey Court Rule 4:4-4(a) states that the primary method of obtaining "*in personam* jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State . . . ." N.J. Ct. R. 4:4-4(a). "If service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process of the law." N.J. Ct. R. 4:4-4(b)(3). Due process requires that there be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *O'Connor v. Altus*, 67 N.J. 106, 126 (1975); *see also H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016 WL 3606785, at *2 (D.N.J. July 5, 2016) (noting that "the diligence exercised and the alternative service requested must meet the constitutional requirements of due process."). When considering due diligence, the court measures "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div 2000) (citations and quotations omitted). "Diligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action." *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (citing *Modan*, 327 N.J. Super. at 48-49).

Service by NFT here would protect the Doe Defendants' due process rights because there is a strong likelihood that the Doe Defendants have access to the identified external accounts to which Plaintiff's BTC was transferred. Plaintiff's only interaction with the Doe Defendants was through his Coinbase wallet. The Doe Defendants' transferring of Plaintiff's BTC was the "sole conduit[] of the purported harm." *See K.A. v. J.L.*, 450 N.J. Super. 247, 253 (Ch. Div. 2016)

9

(permitting service through Facebook because the "Facebook and Instagram accounts at issue [were] the sole conduits of the purported harm," and thus, "service via Facebook [was] reasonably calculated to apprise the account holder of the pendency of this action and afford him or her an opportunity to defend against plaintiffs' claims"). As in *K.A. v. J.L.*, the Court finds that the Doe Defendants' use of the identified external accounts "indicates that the account[s are] active and that receipt of the documents is probable." *Id.* Finally, even if the Doe Defendants were located in the United States, they would not be any easier to serve. Given the facts in this case, if the Court ordered Plaintiff to first effectuate service by personal service or by certified mail, such attempts would likely fail.[3]

Rather than require Plaintiff to engage in an exercise of futility, the Court exercises discretion and grants Plaintiff leave to serve the Doe Defendants by NFT. The Court finds that using a NFT containing a link to a digital copy of the summons and complaint airdropped to the identified external accounts used by the Doe Defendants is reasonably calculated to apprise them of the pendency of this action.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for alternative service is **GRANTED**. An appropriate Order shall follow.

s/Elizabeth A. Pascal<br>
ELIZABETH A. PASCAL<br>
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.

---

[3] Because Plaintiff has received an address for "Paul Reed," the Court also will require Plaintiff to serve Reed through traditional methods at that address.